Midlige Richter

121 UNION AVENUE
MIDDLESEX, NEW JERSEY 08846
PHONE: 908.626.0622

**JAMES S. RICHTER**
Of Counsel
(201) 874-7325 (m)
jrichter@midlige-richter.com

September 10, 2026

**BY ECF**

Honorable Jessica S. Allen, U.S.M.J.
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***Bayer CropScience LLC, et. al. v. Johnson & Johnson, Inc., et al.***
***Civil Action No. 26 CV 71 (MCA)(JSA)***

Dear Judge Allen:

This firm, together with Munck Wilson Mandala, LLP, represents Plaintiffs, Bayer CropScience LLC, Monsanto Company, and Monsanto Technology, LLC (collectively "Plaintiffs" or "Bayer") in the above-referenced matter. We are writing to respectfully request that the Court set an Initial Scheduling Conference pursuant to Rule 16.

By way of background, Plaintiffs filed their Complaint alleging patent infringement on January 6, 2026. Defendants Johnson & Johnson; Janssen Pharmaceutica NV; Janssen Pharmaceuticals, Inc.; Janssen Biotech, Inc.; and Janssen Vaccines & Prevention B.V. ("Defendants") filed a motion to dismiss pursuant to Rule 12(b)(6) on April 27, 2026 (D.I. 41), which is now fully briefed (D.I. 44, 45). Plaintiffs subsequently filed an Amended Complaint pursuant to a stipulation and consent order (D.I. 47, 48). The stipulation and consent order affirms that all briefing on the motion to dismiss "shall apply equally to the Amended Complaint without any changes to the briefing or schedule." (D.I. 47 at 4).

Now that briefing on the motion to dismiss is complete, Plaintiffs respectfully submit that it would be an appropriate time for the Court to schedule an initial scheduling conference so that a case schedule can be set and discovery can proceed for this matter that was filed in January.

We exchanged communications with Defendants and had a meet and confer regarding whether they would join this request. Defendants have indicated that they decline joining in the request, (but have not yet stated whether they oppose the request), citing their pending motion to dismiss and suggested that the Court will set a conference when it has had the chance to consider the motion and has determined that a conference would be productive. Defendants are essentially advocating for a stay of this matter pending the outcome of the motion to dismiss.

As Your Honor is aware, the well-established approach of this Court is to proceed with an initial Rule 16 conference and begin discovery notwithstanding a pending motion to dismiss. A stay of discovery simply based on a pending a motion to dismiss in this district is an extraordinary remedy that is not typically granted. Defendants' counsel is also well aware of this approach, and

in fact has advocated exactly that point before this court in a matter pending before Your Honor and Judge Cecchi. *See*, *Roche Diagnostics, et al., v. Smith*, *et al.*, Civil Action No. 19 CV 7861 (CCC)(JSA)(ECF No. 142 at p. 8) (Defendants' counsel expressly argued: "The [Parties seeking a stay] ask this Court to disregard the well-established approach of district courts in this District by staying discovery simply based on their filing of a motion to dismiss. However, '[t]he applicable law is straightforward.' *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. 2019). '[I]t is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay.'" Citations omitted.) *See also Doe (A.A.M.) v. Wyndham Hotels & Resorts, Inc.*, where the court held an initial conference pursuant to Rule 16 and entered a pretrial scheduling order even though a motion to dismiss was pending, denying defendant's request to stay discovery pending the outcome of that motion. Civil Action no. 24-cv-11502 (ES) (CLW), 2025 WL 1911578, at *1-3 (D.N.J. July 1, 2025).

Rule 26(f) also directs the parties to confer "as soon as practicable," and Rule 16 likewise provides that the Court issue a Scheduling Order "as soon as practicable."

In sum, this case has been pending for eight months, and there is no defined timeframe for when the Court may resolve the fully briefed motion to dismiss. In these circumstances, delaying discovery or deferring entering a schedule would effectively operate as a stay—without any showing of good cause and contrary to the well-established practice in this District. As even Defendants' counsel have previously acknowledged before this Court, a pending Rule 12(b)(6) motion does not justify pausing case management. Plaintiffs, therefore, respectfully submit that the appropriate and efficient course is for Your Honor to set an Initial Rule 16 Conference so that a schedule may be entered and the matter may proceed.

We thank Your Honor for your consideration of the foregoing and continued attention to this matter. Should you have any questions, we are available at your convenience.

Respectfully submitted,

*s/ James S. Richter*

James S. Richter

Cc: All Counsel of Record (by ECF)